**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROUNSON AUTOMATION LLC, | Civil Action No. 09-5223-WHW-CCC |
| Plaintiff, | |
| v. | District Judge William H. Walls |
| | Magistrate Judge Claire C. Cecchi |
| SIEMENS INDUSTRY INC., | |
| Defendant. | |

## JOINT DISCOVERY PLAN

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **This is an action for patent infringement in which Plaintiff Trounson Automation LLC ("Trounson") alleges that Defendant Siemens Industry Inc. ("Siemens") directly, contributorily, and/or through inducement infringes U.S. Patent No. 5,926,389 ("the '389 Patent"). Siemens has denied that it infringes the '389 patent. It also has asserted as defenses (a) invalidity under 35 U.S.C. § 101, 102, 103 and 112, (b) invalidity for failure to meet judicially created requirements for patentability and enforceability of patents, (c) laches, (d) estoppel, (e) failure to mark products pursuant to 35 U.S.C. § 287, and (f) that any damages prior to actual notice of infringement are not recoverable by Trounson. Siemens has also counterclaimed for a declaratory judgment that the '389 patent is invalid and not infringed, and is presently considering other claims and defenses.**

2. Have settlement discussions taken place?  Yes **X**  No _____

   If so, when? **The parties' last communication was on September 14, 2010.**

   (a)   What was plaintiff's last demand?

   (1)   Monetary demand: **The amount of the demand is confidential and can be discussed with the Court during the Rule 16 conference.**

   (2)   Non-monetary demand:

      (b)    What was defendant's last offer?

          (1)    Monetary offer:
          (2)    Non-monetary offer:

3. The parties [have __X__ have not ____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

   **Defendant Siemens has served on Trounson its First Set of Interrogatories to Plaintiff and First Set of Requests for the Production of Documents and Things.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   **None.**

6. The parties propose the following:

   (a)    Discovery is needed on the following subjects:

   - **Alleged infringement with respect to the '389 Patent;**

   - **Alleged damages, if any;**

   - **The parties' licensing experience, practices, and strategies;**

   - **The operation, use, sales, offers for sale, and/or importation into the United States of the accused products;**

   - **The operation, development, design and functionality of the accused products;**

   - **Alleged invalidity and enforceability with respect to the '389 Patent;**

   - **Research and development regarding the '389 Patent, including inventors and prosecuting attorneys;**

   - **Willful infringement; and**

- **All present and future claims and defenses propounded by the parties in this matter.**

(b)　Should discovery be conducted in phases?  **Yes**  If so, explain.

**The parties propose fact discovery on parallel track with *Markman* and then expert discovery after a *Markman* ruling.**

(c)　Number of Interrogatories by each party to each other party:

**Trounson proposes a maximum of 25 interrogatories by each party to the other party; Siemens proposes a maximum of 50 interrogatories by each party to the other party.**

<u>**Trounson's position:**</u>

**The patent-in-suit has only ten claims and covers technology that is not overly complex.  In addition, given the local patent rules there is no longer a need to propound contention interrogatories related to issues of infringement, invalidity and claim construction.  These procedures reduce the number of issues in a patent case where discovery needs to be done via interrogatories.  Should either party require additional interrogatories beyond the maximum number of 25 allowed by Your Honor's June 1, 2010 Letter Order, that request should come after a party has used the maximum number allotted under the Federal Rules and by the Court.**

<u>**Siemens's position:**</u>

**Despite the number of claims contained in the patents asserted by Trounson, Siemens requires more than the standard twenty-five interrogatories contemplated by Fed. R. Civ. P. 33.  Siemens is optimistic that fifty interrogatories would be sufficient in light of the technical nature of the claims, the need to conduct discovery regarding the invention and prosecution history, the licensing of the '389 Patent, and other matters.**

(d)　Number of Depositions to be taken by each party:

**Trounson proposes a maximum of 120 deposition hours to be taken by each party; Siemens proposes a maximum of 10 depositions be taken by each party.**

**Trounson's position:**
**To properly prepare for trial, exclusive of expert depositions, Trounson must take the deposition of individuals involved in the design, development, functionality, sale, use and other operations relating to the accused products. Typically, in a company such as Siemens, this involves various employees across multiple departments or divisions and may potentially involve third parties. Siemens also stated in its initial disclosures that it "anticipates that a number of third parties will have information relevant to prior art." Trounson therefore presently believes that 10 individual depositions would be inadequate and that it would be more efficient to limit the number of depositions in terms of hours.**

**Siemens's position:**
**Depositions that Siemens must take to properly prepare for trial, exclusive of depositions pursuant to FRCP 30(b)(6) and expert depositions, include the inventor on the patent asserted by Trounson, the prosecuting attorneys, numerous Trounson business personnel as well as research and development personnel not specifically listed as inventors on the patents in suit, and various third parties, including licensees and potential licensees of Trounson's patents. Siemens presently believes that ten depositions, exclusive of depositions pursuant to FRCP 30(b)(6) and expert depositions, should be sufficient.**

(e) Plaintiff's expert report due on **(will be coordinated after *Markman* ruling)**.

(f) Defendant's expert report due on **(will be coordinated after *Markman* ruling)**.

(g) Motions to Amend or to Add Parties to be filed by **December 31, 2010**.

(h) Dispositive motions to be served within **45** days of completion of discovery.

(i) Factual discovery to be completed by **August 12, 2011**.

(j) Expert discovery to be completed by **(will be coordinated after *Markman* ruling)**.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

**The parties agree that a protective order should be entered in this case to protect the confidential information of both parties.**

> **The parties believe that expert discovery on issues other than claim construction should be delayed until after the Court's *Markman* ruling, at which time the Court shall coordinate with the parties to arrange a schedule for such discovery.**

    (l)    A pretrial conference may take place on (**will be coordinated after *Markman* ruling**).

    (m)    Trial by jury or non-jury Trial?  **Jury**

    (n)    Trial date:  (**will be coordinated after *Markman* ruling**).

7.    Do you anticipate any discovery problem(s)?  Yes ___  No **X**  If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes **X**  No ___  If so, explain.

> **This case will likely involve videotaped depositions, out-of-state witnesses, and may potentially involve discovery of witnesses and documents outside the country.**

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

> **Confidential settlement discussions between the parties are ongoing.  If these discussions do not lead to resolution of the case, mediation may be appropriate.  The parties will keep the Court apprised of the status of negotiations.**

10.    Is this case appropriate for bifurcation?  Yes ___  No **X**

11.    We [do ___  do not **X** ] consent to the trial being conducted by a Magistrate Judge.

12.    Proposed Dates under Local Patent Rules

    (a)    Plaintiff's Infringement contentions and disclosure of asserted claims due **October 25, 2010**.

    (b)    Invalidity contentions due **December 9, 2010**.

(c) Exchange of proposed claim construction terms due **December 23, 2010**.

(d) Exchange of preliminary claim constructions and extrinsic evidence due **January 13, 2011**.

(e) Joint claim construction and prehearing statement due **February 14, 2011**.

(f) Claim construction discovery ends **March 16, 2011**.

(g) Opening *Markman* Submissions due **March 31, 2011**.

(h) Expert witness claim construction discovery ends **May 2, 2011**.

(i) Responding *Markman* Submissions due **May 30, 2011**.

Date:  September 17, 2010

| | |
|---|---|
| Stephen F. Roth<br>Orville R. Cockings<br>Aaron S. Eckenthal<br>LERNER, DAVID, LITTENBERG,<br>  KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, NJ 07090<br>Tel:  908.654.5000<br>Fax:  908.654.7866 | Brian M. English, Esq.<br>TOMPKINS, MCGUIRE,<br>  WACHENFELD & BARRY LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Tel:  973.623.7491<br>Fax:  973.623.7481 |
| *Attorneys for Plaintiff Trounson Automation LLC* | *Attorneys for Defendant Siemens Industry Inc.* |
| _____s/ Aaron S. Eckenthal_____ | _____s/ Brian M. English_____ |